UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WILLIAM F. BANKHEAD,

                        Plaintiff,

          -against-

MAXX REAL ESTATE CONSULTANT CORP;
MAX MARCELINE; LEONITE GOURDET;
JEANNE RUMULUS, "JOHN/JANE DOES,"
fictional entities by name, and identification,

                       Defendants.

------------------------------------------------------------X

KARLINE GOULD,

                       Plaintiff,

         -against-

MAXX REAL ESTATE CONSULTANT CORP;
MAX MARCELINE; LEONITE GOURDET;
JEANNE RUMULUS, "JOHN/JANE DOES,"
fictional entities by name, and identification,

                       Defendants.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-01221 (NGG) (LB)



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 29 2013 ★

**BROOKLYN OFFICE**

13-CV-01222 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiffs William Bankhead[1] and Katherine Gould bring these two actions by separate but substantially identical complaints (the "Complaints"), alleging violations of their rights in a real estate transaction with Defendants. (Compls. (Dkts. 1).) Plaintiffs seek damages

---

[1] Plaintiff William Bankhead has filed more than twenty actions in this Court since 1999, and he has been a litigant in at least forty cases in this Circuit; the majority of his cases have been sua sponte dismissed or transferred by the Court. See Bankhead v. McAllister, No. 11-CV-5353 (NGG), 2011 WL 5825912, at *1 (E.D.N.Y. Nov. 17, 2011) (detailing Plaintiff Bankhead's litigation history).

as well as injunctive and declaratory relief. (Compls. at 12-13.) Solely for the purposes of this Memorandum and Order, the cases are consolidated and Plaintiffs' requests to proceed in forma pauperis under 28 U.S.C. § 1915 are GRANTED. However, for the reasons discussed below, Plaintiffs' complaints are DISMISSED.

I. BACKGROUND

Plaintiffs claim they were defrauded by Defendants in the course of renting an apartment at 1276 East 83rd Street in Brooklyn, after "Superstorm Sandy" hit New York City in October, 2012. Specifically, Plaintiffs allege that Defendant Gourdet, a broker employed by Defendant Maxx Real Estate, arranged for Plaintiffs to rent an apartment in the home of Defendant Jeanne Rumulus. (Id. ¶ 13.) Plaintiffs assert that they paid Gourdet's commission and "nearly (1) one-year's rent" in advance but did not sign a lease or obtain a receipt for the payment. (Id. ¶ 14.) Plaintiffs further allege the apartment was "illegal" because it was a third unit in a two-family home and was "infested" with "red ants or chiggers." (Id. ¶¶ 18-20.) A dispute ensued and escalated among the tenants, landlord, and the landlord's boyfriend, apparently including threatening behavior and a call by Rumulus to the police. (Id. ¶¶ 21-23.)

II. STANDARD OF REVIEW

Pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A pro se complaint should not be dismissed without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez

v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quotation marks and citation omitted).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

A plaintiff, even if proceeding pro se, must establish that the court has subject matter jurisdiction over the action. See Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007); Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." (citations omitted)). Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon

Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552-53 (2005). The requirement of subject matter jurisdiction cannot be waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Moreover, the absence of subject matter jurisdiction may be raised at any time by a party or by the court sua sponte. Henderson ex rel. Henderson v. Shinseki, --- U.S. ----, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "Where jurisdiction is lacking . . . dismissal is mandatory." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); see also Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The court lacks subject matter jurisdiction over these complaints. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted).

Plaintiffs allege, among other things, that Defendants' conduct was a "United States Civil Rights violation (42 U.S.C. § 1981) w[ith] Conspiracy" and that "Defendants violated Plaintiff's rights under the laws and Constitution of the United States." (Compls. ¶¶ 26, 32.) Although Bankhead and Gould purport to state their landlord-tenant dispute claims under federal law, their attempt to do so is unavailing. See Ally, 128 F. App'x at 195 ("Even though [plaintiff] has attempted to state her claims in order to make them appear to arise under the U.S. Constitution, the 'essence' of her claims remains unchanged. Her complaint arises out of a landlord-tenant dispute over which the courts simply have no jurisdiction." (quoting Anderson v. Bowen, 881

4

F.2d 1, 5 (2d Cir. 1989))). Plaintiffs have presented no facts which would support federal question jurisdiction under the Constitution, laws, or treaties of the United States. See Fisher v. Silverstein, No. 99-CV-9657 (SAS), 2004 WL 1933610, at *5 n.60 (S.D.N.Y. Aug. 30, 2004) ("The general allegation of the existence of a Federal question is ineffective unless the matters constituting the claim for relief as set forth in the complaint raise a Federal question." (citation omitted)). Section 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts. Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998). Plaintiffs have neither identified a contractual relationship under which plaintiffs have rights, Domino's Pizza Inc. v. McDonald, 546 U.S. 470, 476 (2006), nor alleged that they was discriminated against because of race, Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993). Rather, Plaintiffs' claims arise from a landlord-tenant conflict over which the federal courts simply have no jurisdiction. See Galland v. Margules, No. 05-CV-5639 (DC), 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("Plaintiff's case must be dismissed as federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."); see also Ally, 128 F. App'x at 195.

The court ordinarily allows plaintiffs the opportunity to amend their pleadings. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). However, it need not afford that opportunity where, as here, it is clear from the face of the Complaints that the court does not have subject matter jurisdiction. See Galland, 2005 WL 1981568, at *4.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Complaints are DISMISSED. Any state law claims are DISMISSED without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       March 29, 2013

NICHOLAS G. GARAUFIS
United States District Judge